UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REUBEN ALANIZ and JUAN HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MAXUM PETROLEUM OPERATING COMPANY, INC. d/b/a PILOT LOGISTICS SERVICES and also d/b/a M PETROLEUM OPERATION COMPANY; WESTERN PETROLEUM, LLC; and PILOT THOMAS LOGISTICS, LLC,<br><br>*Defendants*. | Civil Action No.  SA-15-CV-00373-XR |

**ORDER**

On this date, the Court considered the parties Joint Motion to Approve Confidential Settlement Agreement (Docket no. 86). After careful consideration, the motion is GRANTED.

**BACKGROUND**

Plaintiffs Reuben Alaniz and Juan Hernandez, proceeding on a collective basis, filed this lawsuit against the Defendants,[1] their former employers, seeking to recover miscalculated overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"). Docket no. 26. Plaintiffs, who worked as frac technicians, alleged that they regularly worked in excess of 40 hours per week, and although they were paid overtime, the calculation of their pay did not comport with FLSA provisions that factor expenses, bonuses, and overtime into the basis for determining overtime pay. *Id*. Defendant answered, denying these allegations and raising

---
[1] These defendants are Maxum Petroleum Operating Company, Inc. and Pilot Thomas Logistics, LLC.

1

numerous affirmative defenses, including some related to FLSA exemptions. Docket no. 29. This Court granted Plaintiffs' Unopposed Motion for Conditional Certification. Docket no. 32. On September 27, 2016, the parties informed the Court that they had reached a settlement. Docket no. 85. They sought and were granted leave to file a confidential settlement agreement. Docket nos. 87, 88. Now before the court is the parties' joint motion to dismiss with prejudice and to approve the settlement. Docket no. 86.

## ANALYSIS

**I. FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945). The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. Not every FLSA settlement requires court approval, however, as "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Here, because the parties dispute the exempt status of Plaintiffs and whether their overtime pay was calculated properly under the FLSA, approval of the settlement is required.

**II. Bona Fide Dispute**

One issue in this case is whether Plaintiffs performed work properly characterized as exempt. In addition, there is a dispute as to whether certain expenses and bonuses should have been included in the calculation of the Plaintiffs' overtime pay. Defendants deny all liability.

The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000).

In addition, the FLSA requires that covered employees be compensated at the proper overtime rate of at least one and one-half times their regular ratesfor time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The FLSA defines "regular rate" to include certain reimbursements and bonuses which Plaintiffs allege were not included when Defendants calculated their "regular rate." 29 U.S.C. § 207(e)(2)–(3). As a result, Plaintiffs allege that the overtime wages that they were paid were below what is required by the FLSA.

The Court concludes that there are bona fide disputes in this case over FLSA coverage and the calculation of the "regular rate" of pay for determining overtime compensation.

### III. Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement and concludes that the settlement is fair and reasonable.

### CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. Therefore, the Joint Motion to Approve Confidential Settlement Agreement (Docket no. 86) is GRANTED, the settlement is APPROVED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED this 31st day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE